UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-181-GFVT

JEFFERY PARKER                                                                                          PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

ALBERTO GONZALEZ, ET AL.                                                                    RESPONDENTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jeffery Parker ("Parker") is a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, who has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Parker is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.     **BACKGROUND**

Parker indicates that he was convicted of various undisclosed crimes in the Superior Court of the District of Columbia and on September 15, 2003, was sentenced to a 67-year term of incarceration. He further indicates that the Federal Bureau of Prisons ("BOP") took him into

custody and transferred him outside the District of Columbia to a federal prison outside that jurisdiction.

Parker's petition asserts that all or most of Title 18 of the United States Code, which encompasses the criminal statutes under which he was convicted, is void because it was not passed in conformity with the constitutional requirements for passage set forth in Article I of the Constitution of the United States. He therefore asserts that his criminal conviction and the statutory authority exercised by the BOP to remove him from the District of Columbia are likewise invalid. Parker has named as respondents in this proceeding United States Attorney General Alberto Gonzalez; Warden Hector Rios; United States District Judge Joseph M. Hood; and the undersigned.

## II.    DISCUSSION

As a threshold matter, Petitioner has named the undersigned as a respondent in these proceedings and indicates that he has done so because the undersigned has "a predisposed mind towards the issues raised herein and towards Negro Prisoners' rights." Nonetheless, the Court concludes that recusal of the undersigned is neither necessary or appropriate under 28 U.S.C. § 455(a)(b).

While Section 455(b)(5)(i) dictates recusal where a judge is named as a party in the proceeding, the petitioner does not and can not seek any relief against the undersigned in a habeas corpus proceeding because only the prisoner's custodian may be named as a respondent in a habeas petition. 28 U.S.C. §§ 2242, 2243 (writ or order to show cause is to be directed "to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 429 (2004).

Further, while Section 455(b)(1) requires recusal where a judge "has a personal bias or prejudice concerning a party," Parker does not allege any bias directed towards him personally. Rather, he alleges that the undersigned has a "predisposed mind" regarding the legal issues raised in the petition. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Briggs v. Peck, Shaffer & Williams, L.L.P.*, 2004 WL 950074, *2 (6th Cir. 2004) (unpublished disposition).

As for the substance of Parker's habeas petition, the claims asserted therein are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255, ¶5. The Court construes Parker's petition as including an assertion that his Section 2255 remedy is inadequate or ineffective to accomplish this, thus invoking Section 2255's savings clause. Before Parker's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758

3

(6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a

prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Peterman*, 249 F.3d at 461-62.

Parker's claim is not a claim of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757; *Bousley v. United States*, 523 U.S. 614, 620 (1998). Rather, Parker's claim that the criminal statute under which he was convicted violated the Constitution when it was allegedly passed in a defective manner in 1948 was a claim that Parker could and should have presented to the trial court, on direct appeal, or through a motion under Section 2255.

### III. CONCLUSION

The Court being sufficiently advised, it is

**ORDERED** as follows:

1. The petition for a writ of habeas corpus [Dkt. 2] is **DENIED.**

2. Petitioner's "Memorandum of Law in Support of Petition and Motion for an Order to Show Cause" [Dkt. 4] is **DENIED**.

3.  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 19th day of November, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge